# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:25-cv-00418-MR-WCM

| | |
|---|---|
| PATRICIA ANN KING, individually and as personal representative of the Estate of Elijah Edward Timmons, III, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HENDERSON COUNTY, NORTH CAROLINA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on the Plaintiffs' "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and for Leave to File Fourth Amended Complaint." [Doc. 19].

## I. BACKGROUND

The pro se Plaintiffs Patricia Ann King, Quwyonte Timmons, and Tranace Timmons brought this action asserting claims arising from events that transpired after Elijah Timmons was shot and killed outside of a bar in Hendersonville, North Carolina, on November 24, 2023. Ms. King is Elijah Timmons' mother and personal representative of his estate; Quwyonte Timmons and Tranace Timmons are the sisters of Mr. Timmons.

The Plaintiffs filed their original Complaint on November 21, 2025. [Doc. 1]. At that time, Ms. King filed an application to proceed without the prepayment of costs and fees ("IFP Application"). [Doc. 2]. The Plaintiffs filed the First Amended Complaint on November 24, 2025. [Doc. 5].

On December 10, 2025, the Court entered an Order directing Quwyonte Timmons and Tranace Timmons to submit their own IFP Applications. [Doc. 6]. Due to a mailing error, the Court's December 10, 2025 Order was returned as undeliverable. [See Docs. 7, 9]. The Clerk's Office re-sent that Order to Quwyonte Timmons and Tranace Timmons on January 14, 2026, and extended the deadline for the filing of their IFP Applications to February 13, 2026.

On January 30, 2026, the Plaintiffs filed a Second Amended Complaint, totaling 48 pages and asserting seventeen (17) causes of action against a total of twenty-five (25) defendants. [Doc. 10]. On February 13, 2026, the Court received an IFP Application from Quwyonte Timmons. [Doc. 12]. Tranace Timmons did not file an IFP Application.

On March 19, 2026, the Court conducted an initial review of the Plaintiff's Second Amended Complaint. [Doc. 13]. In that Order, the Court dismissed the claims asserted by Plaintiff Tranace Timmons without prejudice due to her failure to pay the required filing fee or submit an IFP

2

application.  The Court further concluded that the Plaintiffs' Complaint failed to survive initial review.  The Plaintiffs' claims against the State of North Carolina, the Hendersonville Police Department, the Henderson County Sheriff's Office and Defendant District Attorney Andrew Murray were dismissed with prejudice.  The remainder of the Plaintiffs' federal claims were dismissed without prejudice, and the Court declined to exercise supplemental jurisdiction over the Plaintiffs' state-law claims.  [Id. at 28-30]. The Court gave the Plaintiffs Patricia Ann King and Quwyonte Timmons thirty (30) days to amend their Complaint to properly state a claim upon which relief can be granted.

On April 21, 2026,[1] the Plaintiffs filed the Third Amended Complaint, which was erroneously styled as a "Second Amended Complaint."  [Doc. 14]. Although Tranace Timmons signed the Third Amended Complaint, she still had not paid the filing fee or filed an application to proceed IFP.

On April 27, 2026, the Court conducted an initial review of the Plaintiffs' Third Amended Complaint.  [Doc. 17].  The Court again dismissed the claims of Tranace Timmons on the grounds that she had failed to pay the filing fee or file an IFP application as required.  [Id. at 5].  With respect to the claims

_____

[1] The Plaintiffs sought and received a one-day extension of time in which to file their amended pleading.  [See Docs. 15, 16].

for excessive force, wrongful death, false arrest/abuse of process, fabrication of evidence, equal protection, and <u>Monell</u> liability asserted by the Plaintiffs Patricia Ann King and Quwyonte Timmons, the Court concluded that the allegations of the Third Amended Complaint still failed to state plausible claims. [<u>Id.</u>]. The Court dismissed the Plaintiffs' federal claims with prejudice because the Plaintiffs had already been allowed to amend their Complaint once and had once again failed to state a claim for relief. [<u>Id.</u>]. The Court again declined to exercise supplemental jurisdiction over the Plaintiffs' state-law claims. [<u>Id.</u> at 5-6]. The Clerk entered a Judgment in accordance with this Order the same day. [Doc. 18].

On May 26, 2026, the Plaintiffs[2] filed the present motion seeking relief pursuant to Rule 59(e) and seeking leave to file a Fourth Amended Complaint. [Doc. 19].

## II.    STANDARD OF REVIEW

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to

---

[2] Once again, Tranace Timmons appears as a Plaintiff in this action, joining her mother and sister in seeking relief under Rule 59(e). However, to date, Ms. Timmons has never paid the filing fee or filed an IFP application, despite being repeatedly instructed to do so.

correct a clear error of law or to prevent manifest injustice." <u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002) (citation and internal quotation marks omitted). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." <u>Id.</u> Where a party relies on newly discovered evidence as grounds for a Rule 59(e) motion, the party "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." <u>Small v. Hunt</u>, 98 F.3d 789, 798 (4th Cir. 1996) (citation and internal quotation marks omitted).

As a general matter, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed.1995)). Motions for reconsideration under Rule 59(e) are within the district court's discretion. <u>Cohen v. Rosenstein</u>, 804 F. App'x 194, 195 (4th Cir. 2020).

## III.  DISCUSSION

Here, the Plaintiffs argue that "newly discovered evidence and additional factual content—much of which arose after, and could not have been presented before, the entry of judgment—warrant alteration of that judgment and leave to file the proposed Fourth Amended Complaint." [Doc. 19 at 1].  Specifically, the Plaintiffs cite seven categories of "new evidence" now in their possession: (1) surveillance and body-worn camera footage of the November 24, 2023 incident which Ms. King was able to view pursuant to a state court order on May 8, 2026; (2) "the publicly issued Public Statement of former Captain Kenneth Hipps" following his termination from the Hendersonville Police Department;[3] (3) a "published case-history compilation" regarding District Attorney Andrew Murray; (4) the ballistics findings of the North Carolina State Crime Laboratory; (5) correspondence from the North Carolina Department of Health and Human Services concerning information allegedly withheld from the pathologist who examined the decedent; (6) a document containing analysis of a "multi-case pattern of investigative disparity"; and (7) the discovery by Plaintiff King that

---

[3] The Plaintiffs cite to Exhibit 2 of the Proposed Fourth Amended Complaint as the "Public Statement" of Captain Hipps; however, this docket entry contains only a statement issued by the City of Hendersonville regarding the termination of Captain Hipps from the Hendersonville Police Department.  [See Doc. 19-1 at 23-24].

the district attorney was "legally required to request an SBI investigation upon the formal request of the victim's next of kin within 180 days of the death." [Id. at 3-7].

Much of the "evidence" cited by the Plaintiffs pertains to the decision of District Attorney Andrew Murray to not pursue charges for the death of Elijah Timmons. As the Court previously held, DA Murray is protected by prosecutorial immunity for acts arising out of the exercise of his official functions. [See Doc. 13 at 14-15]. Moreover, to the extent that the cited "evidence" could be construed as being pertinent to the Plaintiffs' claims, the Plaintiffs have failed to present a legitimate justification for not incorporating such information in one of their earlier Amended Complaints.

More importantly, none of this "evidence," even if newly discovered, rehabilitates the Plaintiffs' dismissed federal claims. Those claims were dismissed, in large part, because the Plaintiffs had failed to identify specific actors, instead alleging that "the Defendants"—who included both law enforcement officers and civilians—violated their civil rights in various respects. The Plaintiffs' federal claims were also dismissed because the allegations supporting them were wholly conclusory and vague, lacking the specificity necessary to state plausible causes of action. None of the cited new "evidence" remedies those issues. While the Fourth Amended

Complaint does identify some individual actors, the federal claims set forth therein rely on bare-bone recitals of the elements of the causes of action, supported at best by vague and conclusory allegations. Such allegations are insufficient to state plausible claims for relief under § 1983. For these reasons, the newly discovered "evidence" cited by the Plaintiffs is not an adequate basis to alter or amend the Judgment in this case.

The Plaintiffs also take issue with the Court's dismissal of their federal claims with prejudice, arguing that the Court's decision was a clear error of law and created a manifest injustice. [Doc. 19 at 7-8]. The Plaintiffs were advised of the specific deficiencies in their pleading and were given the opportunity to amend their Complaint accordingly; they failed to do so. "[W]here a plaintiff has had the opportunity to amend her complaint to cure any deficiencies, or where amendment would otherwise be futile, dismissal with prejudice is appropriate." Harden v. Budget Rent A Car Sys., Inc., 726 F. Supp. 3d 415, 440 (D. Md. 2024). The Court is not obligated to give the Plaintiffs endless chances to attempt to rehabilitate their federal claims.

For all these reasons, the Plaintiffs' motion to alter or amend the Judgment and for leave to file a Fourth Amended Complaint is denied.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiffs' "Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and for Leave to File Fourth Amended Complaint" [Doc. 19] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 3, 2026

Martin Reidinger
Chief United States District Judge